Edgar Irving Reynold SUMANTI;
Maryanti Fransisca Sumanti,
Petitioners,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 12–70288.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Sept. 30, 2013.

Albert C. Lum, Sr., Esquire, Law Office of Albert C. Lum, Pasadena, CA, for Petitioner.

OIL, Meadow W. Platt, Trial, U.S. Department of Justice, Washington, DC, Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, for Respondent.

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM **

Edgar Irving Reynold Sumanti and Maryanti Fransisca Sumanti, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order dismissing their appeal from an immigration judge's decision denying their application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings, *Zehatye v. Gonzales*, 453 F.3d 1182, 1184–85 (9th Cir.2006), and we deny the petition for review.

We previously concluded that substantial evidence supported the agency's finding that Sumanti failed to timely file his asylum application and that petitioners did not establish past persecution. *Sumanti v. Mukasey*, No. 06–71349, 2008 WL 5111602 (9th Cir. Nov. 28, 2008). We do not revisit these conclusion. Thus, we deny the petition as to petitioners' asylum claim.

Substantial evidence supports the agency's finding that, even under a disfavored group analysis, petitioners failed to submit sufficient evidence of individualized risk to show a clear probability of future persecution. *See Wakkary v. Holder*, 558 F.3d 1049, 1066 (9th Cir.2009) (a petitioner seeking withholding of removal as a member of a disfavored group must "adduce a considerably larger quantum of individualized-risk evidence" than one seeking asylum). The record does not compel the conclusion that Christians in Indonesia face a pattern or practice of persecution. *See id.* at 1061. We decline to consider evidence that is not contained in the administrative record. *See Fisher v. INS*, 79 F.3d 955, 963 (9th Cir.1996) (en banc). Accordingly, petitioners' withholding of removal claim fails.

Finally, the record does not compel the conclusion it is more likely than not that petitioners will be tortured if they return to Indonesia. *See Wakkary*, 558 F.3d at 1068. Accordingly, petitioners' CAT claim fails.

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.